**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>IVAN VECHIOLI CRUZ and HELEN IVIS FELICIANO BORRERO,<br><br>    Debtors.<br><br>─────────────────<br><br><br>KIYOMI M. SANTOS ONODA,<br>CESKI, INC.<br><br>    Plaintiffs,<br><br>    v.<br><br>IVAN VECHIOLI CRUZ and HELEN IVIS FELICIANO BORRERO,<br><br>    Defendants. | CASE NO. 22-00775 MAG7<br>Chapter 7<br><br><br><br><br>ADV. PROC. NO. 22-00039<br><br><br><br>FILED & ENTERED ON 4/5/2023 |

**OPINION AND ORDER**

Pending before the court is a motion for summary judgment brought by plaintiffs Kiyomi M. Santos Onoda ("Santos") and Ceski, Inc. (collectively, the "Plaintiffs") on a complaint to except from discharge their claim against defendants Ivan Vechioli Cruz ("Vechioli") and Helen Ivis Feliciano Borrero ("Feliciano") (collectively, the "Defendants"). [Adv. Dkt. 29.] The basis for the Plaintiffs' claim is a state court final and unappealable judgment entered against Defendants. For the reasons stated herein, the motion for summary judgment filed by Plaintiffs is hereby granted and their claim against Defendants is excepted from discharge under sections 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. PROCEDURAL BACKGROUND

Defendants filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on March 22, 2022, which was docketed as case number 22-0775. [Bankr. Dkt. 1.] In schedule E/F filed with their petition, Defendants included Plaintiffs as creditors with a claim in the amount of $65,000 with the following description: "non-purchase money." [Bankr. Dkt. 1, p. 22, ¶ 4.1.]

On May 10, 2022, Plaintiffs filed an unsecured proof of claim in the amount of $89,635.45. [Claims Register 1-1.] The basis for Plaintiffs' claim is a judgment issued on June 3, 2013 by the Puerto Rico Court of First Instance, Ponce Superior Part in Civil Case No. J CD 2010-1045 in favor of Plaintiffs and against Defendants (the "State Court Judgment"). [Id.]

On May 12, 2022, Defendants filed an amended schedule E/F, but in no way altered the Plaintiffs' claim. [Bankr. Dkt. 9, p. 3, ¶ 4.2.]

Plaintiffs commenced, on June 17, 2022, the adversary proceeding of caption to except their claim from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).[1] [Bankr. Dkt. 15; Adv. Dkt. 1.] Plaintiffs filed as an exhibit to the complaint the certified English translation of the State Court Judgment. [Id. at pp. 9-17.] On October 13, 2022, Defendants filed their answer to the complaint. [Adv. Dkt. 20.]

---

[1] Per the notice for the meeting of creditors pursuant to 11 U.S.C. § 341(a), the deadline to object to the dischargeability of debts was set for June 21, 2022. [Bankr. Dkt. 6.] Thus, the Plaintiffs' complaint was timely filed.

On December 20, 2022, Plaintiffs moved for summary judgment against Defendants. [Adv. Dkt. 29.] Plaintiffs filed the certified English translation of the State Court Judgment as Exhibit A to their motion for summary judgment. [Id. at 10-18.] On February 7, 2023, Defendants opposed the entry of summary judgment. [Adv. Dkt. 33.]

**III. SUMMARY JUDGMENT STANDARD**

"In bankruptcy, summary judgment is governed in the first instance by Bankruptcy Rule 7056." Cousins Int'l Food, Corp. v. Vidal, 565 B.R. 450, 461 (B.A.P. 1st Cir. 2017) (quoting Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 762 (1st Cir. 1994)). Fed. R. Bankr. P. 7056 incorporates Fed. R. Civ. P. 56, which provides that a court shall grant summary judgment when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if the record permits a rational factfinder to resolve that issue in favor of either party." Jarvis v. Vill. Gun Shop, Inc., 805 F.3d 1, 7 (1st Cir. 2015). "[A] fact is 'material' 'if its existence or nonexistence has the potential to change the outcome of the suit.'" Id. (quoting Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010)).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Podiatrist Ass'n, Inc. v. La Cruz Azul de P.R., Inc., 332 F.3d 6, 13 (1st Cir. 2003) (quoting Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990)). "A swing of the summary judgment axe can be averted if the nonmoving party adduces competent evidence demonstrating the existence of a genuine dispute about a material fact." Theriault v. Genesis Healthcare LLC, 890 F.3d 342, 348 (1st Cir. 2018). "If the non-movant fails to make the required showing on such an issue and the issue is a dispositive one, summary judgment is

3

appropriate." Harrington v. Simmons (In re Simmons), 810 F.3d 852, 857 (1st Cir. 2016). A

nonmoving party "cannot defeat a summary-judgment motion with 'conclusory allegations' or

'unsupported speculation.'" Villeneuve v. Avon Prods., 919 F.3d 40, 54 (1st Cir. 2019).

In the District of Puerto Rico, L.Cv.R. 56 made applicable to adversary proceedings in

the bankruptcy court per P.R. LBR 1001-1(d) sets forth the requirements to move the court for

summary judgment in federal court. A party moving for summary judgment must file, annexed to

its motion, "a separate, short and concise statement of the material facts, set forth in numbered

paragraphs, as to which the moving party contends there is no genuine issue of material fact to be

tried." L.Cv.R. 56(b). Moreover, "[e]ach asserted fact in the statement shall be supported by a

record citation." Id. Pursuant to L.Cv.R. 56(c), the party opposing summary judgment must

"submit with its oppositions a separate, short, and concise statement of material facts,"

admitting, denying, or qualifying the facts by reference to each numbered paragraph with

references to the record. Moreover, "[f]acts contained in a supporting or opposing statement of

material facts, if supported by record citations as required by this rule, shall be deemed admitted

unless properly controverted." L.Cv.R. 56(e). The court has "no independent duty to search or

consider any part of the record not specifically referenced in the parties' separate statement of

facts." Id.

Plaintiffs complied with L.Cv.R. 56(b) by filing a proposed statement of uncontested

facts set forth in individual paragraphs supported by record citations. Defendants, however,

failed to comply with L.Cv.R. 56(c). While they attempted to qualify or deny most of Plaintiffs'

proposed uncontested statements, those qualifications or denials are just allegations, which are

not accompanied by a proper citation to the record as required by L.Cv.R. 56(c). "[F]ailure to

present a statement of disputed facts, embroidered with specific citations to the record, justifies

the court's deeming the facts presented in the movant's statement of undisputed facts admitted."

Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45 (1st Cir. 2004) (quoting Ruiz Rivera v.

Riley, 209 F.3d 24, 28 (1st Cir. 2000)). Thus, the court deems admitted all properly supported

facts Plaintiffs set forth in their proposed statement of uncontested facts.

**IV. UNCONTESTED FACTS**

The following facts are uncontested pursuant to Fed. R. Civ. P. 56 and L.Cv.R. 56, made

applicable to these proceedings by Fed. R. Bankr. P. 7056 and P.R. LBR 1001-1(b) and (d) as

found supported in the record of this case, the statement of proposed uncontested facts filed by

Plaintiffs in their motion for summary judgment, and the State Court Judgment:

Co-plaintiff Santos is of legal age, a doctor in medicine and property owner, and a

resident of Ponce, Puerto Rico. [Adv. Dkt. 29, Exhibit A, p. 2, ¶ 1.] Co-plaintiff Ceski, Inc. is a

corporation organized under the laws of the Commonwealth of Puerto Rico located in Peñuelas,

Puerto Rico. [Adv. Dkt. 29, Exhibit A, p. 2, ¶ 2.]

Defendants Vechioli and Feliciano are of legal age, married to each other under the

conjugal partnership regime, and residents of Ponce, Puerto Rico. [Statement of Proposed

Uncontested Facts filed by Plaintiffs ("SUF") at Adv. Dkt. 29, p. 2, ¶ A; Adv. Dkt.  29, Exhibit

A, p. 2, ¶ 3.]

In late 2005 and early 2006, Vechioli represented to Plaintiffs that he was an agent of the

company Mass Mutual, an institution dedicated to investment and insurance, authorized to do

business in Puerto Rico. [SUF at Adv. Dkt. 29, p. 2, ¶ A; Adv. Dkt. 29, Exhibit A, p. 2, ¶ 4.]

During the same dates, Vechioli represented to Plaintiffs that he was a real estate broker who

operated under the commercial name VIP Realty and/or VIP Services; and convinced Santos to

invest and buy property through her Keogh Plan, which Vechioli managed at the time through Mass Mutual. [SUF at Adv. Dkt. 29, p.2, ¶ B; Adv. Dkt. 29, Exhibit A, p. 3, ¶ 5.]

Because of those representations, Plaintiffs delivered to Vechioli monies totaling $48,000 to invest in real estate and in the Keogh Plan with Mass Mutual. [SUF at Adv. Dkt. 29, p. 2, ¶ C; Adv. Dkt. 29, Exhibit A, p. 3, ¶ 6.] In addition, on different dates, Vechioli collected a total of $12,000 at a rate of $600.00 per month, from the rental of a property owned by Santos located in Ponce, Puerto Rico. [Id.] As a result, Defendants became indebted to Plaintiffs in the amount of $60,000. [SUF at Adv. Dkt. 29, p.2, ¶ D; Adv. Dkt. 29, Exhibit A, p. 3, ¶ 7.]

Vechioli admitted under oath that he withheld from Plaintiffs the amount of $55,000, which he withdrew from the VIP Realty's escrow account. [SUF at Adv. Dkt. 29, p.3, ¶ E; Adv. Dkt. 29, Exhibit A, p. 3, ¶¶ 8-9.]  Vechioli admitted that he withheld the $55,000.00 even though there was no particular contract for him to withhold that money. [SUF at Adv. Dkt. 29, p.3, ¶ G; Adv. Dkt. 29, Exhibit A, p. 3, ¶ 10.]  Vechioli used the funds to purchase real estate for his personal gain. [SUF at Adv. Dkt. 29, p.3, ¶ H; Adv. Dkt. 29, Exhibit A, p. 4, ¶ 11.]

Vechioli never sent, issued, or delivered any invoices to Plaintiffs. [SUF at Adv. Dkt. 29, p. 3, ¶ I; Adv. Dkt. 29, Exhibit A, p. 4, ¶ 13.]  Vechioli was never able to sustain any claim against Plaintiffs in state court in support of his counterclaim, as he failed to produce or provide any evidence to sustain his allegations in the state court case that Plaintiffs owed him money. [SUF at Adv. Dkt. 29, p. 3, ¶ J; Adv. Dkt. 29, Exhibit A, p. 4, ¶ 14.]

The state court found that in his professional relationship with Plaintiffs, Vechioli "committed contractual fraud at all times by not revealing important facts" regarding the activities he carried out on behalf of Plaintiffs and that his actions "constitute[d] fraud characterized by pre-contractual silence which in turn constitutes bad faith." [Adv. Dkt. 29,

6

Exhibit A, p. 5, ¶ 7.] The state court further found that Vechioli acted in bad faith at all times for

his personal gain since good faith cannot be subject to revealing only what is requested, but

rather, acting in good faith requires not hiding facts essential to a transaction of the nature carried

out by Vechioli. [Adv. Dkt. 29, Exhibit A, p. 6, ¶ 9.] Moreover, the state court held that

Vechioli's actions and representations "constituted insidious and malicious machinations" to

induce Plaintiffs to enter into those transactions, which resulted in damage to the Plaintiffs.

[Adv. Dkt. 29, Exhibit A, p. 6, ¶ 11.]

As such, the state court ordered Defendants to pay jointly and severally to Plaintiffs the

sum of $60,000, plus the prevailing legal interest which at the time was 4.25%, plus costs,

expenses, and $5,000 in attorneys' fees. [Adv. Dkt. 29, Exhibit A, p. 9.] The State Court

Judgment is now final and unappealable. [Adv. Dkt. 29, p. 7.]

### V. APPLICABLE LAW AND DISCUSSION

Plaintiffs seek to prevent Defendants from discharging under 11 U.S.C. § 523(a)(2)(A),

523(a)(4), and 523(a)(6) the debt created by the State Court Judgment. In essence, Plaintiffs

request that this court give preclusive effect to the State Court Judgment. Defendants oppose

summary judgment. They ask that this court let them defend themselves against the findings

made by the state court because they were not represented adequately by their attorney in the

state court proceedings. The court agrees with Plaintiffs. The State Court Judgment has

preclusive effect.

The Bankruptcy Code enumerates in 11 U.S.C. § 523 the type of debts that can be

exempted from discharge. "In determining whether a particular debt falls within one of the

exceptions of section 523, the statute should be strictly construed against the objecting creditor

and liberally in favor of the debtor." 4 Alan N. Resnick & Henry J. Sommer, <u>Collier on</u>

Bankruptcy ¶ 523.05 (16th ed. 2023). As such, "the party seeking to exclude its debt from discharge bears the burden of proof that its claim falls under one of the subsections of § 523." USAlliance Fed. Credit Union v. Reale (In re Reale), 580 B.R. 579, 588 (Bankr. D. Mass. 2018); see also Palmacci v. Umpierrez, 121 F.3d 781, 787 (1st Cir. 1997).

Plaintiffs rely upon the collateral estoppel effect of the State Court Judgment. Under 28 U.S.C § 1738, the full faith and credit statute, a state-court judgment has preclusive effect in federal court. "The ordinary rules of collateral estoppel and res judicata apply in most actions in the bankruptcy court, including adversary proceedings under § 523(a) to except debts from discharge." McCrory v. Spigel (In re Spigel), 260 F.3d 27, 33 (1st Cir. 2001). "[T]he doctrine of collateral estoppel or issue preclusion, bars the subsequent action between parties, whether on the same or a different claim, once a court has decided an issue of fact or law necessary to its judgment." Destileria Nacional, Inc. v. Diaz-Torres (In re DITO, Inc.), 2021 Bankr. LEXIS 316, at *20 (Bankr. D.P.R. Feb. 10, 2021). The collateral estoppel doctrine "support[s] the policies of relieving parties of the cost and vexation of multiple lawsuits, conserving judicial resources, preventing inconsistent decisions, and encouraging reliance on adjudications." Id. at *19.

Federal courts "look to state law to determine the preclusive effect of a prior state court judgment." In re Spigel, 260 F.3d at 33. Collateral estoppel applies where "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 770 (1st Cir. 2010) (quoting Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86 (1st Cir. 2007)). See also, Am. Express Travel Related Servs. v. Hernandez (In re Hernandez), 195 B.R. 824, 829 (Bankr. D.P.R. 1996) (explaining that for exception to discharge in

8

bankruptcy, preclusive effect may be given to facts developed during the proceedings in state court, which were ultimately incorporated in the state court judgment.)

Defendants argue that this court cannot give preclusive effect to the State Court Judgment because they were not adequately represented in the state court proceedings. This court notes that in the State Court Judgment, the state court in fact acknowledged that Defendants failed to oppose the motion for summary judgment filed by Plaintiffs on June 15, 2012. It points out that after Defendants did not respond by the July 9, 2012 due date granted by the court, the court held a hearing on the motion for summary judgment on September 11, 2012. At that hearing, the court heard arguments by the parties and took the motion for summary judgment under advisement. The state court specifically points out that Defendants never filed a written opposition to the motion for summary judgment, not even by the date of issuance of the judgment, which was June 3, 2013.

As such, the fact that the Defendants failed to oppose the motion for summary judgment does not mean that they did not have a fair opportunity to defend themselves. As the State Court Judgment points out, Defendants had ample opportunity to oppose summary judgment and dispute the facts presented therein but chose not to.  "Under modern preclusion doctrine, the central question is 'whether a party has had a full and fair opportunity for judicial resolution of the same issue.'" Manganella v. Evanston Ins. Co., 700 F.3d 585, 591 (1st Cir. 2012) (quoting Rodriguez-Garcia, 610 F.3d at 771). See also, In re Hernandez, 195 B.R. at 830 ("Afforded all the safeguards to insure a full and fair opportunity to litigate, the fact that debtor chose not to engage in the benefit and expense of counsel or trail [sic], for that matter, is not determinative in deciding whether collateral estoppel is applied to an issue resolved therein.").

9

Because Defendants had a full and fair opportunity to litigate their case in state court, this court is precluded from considering the alleged defenses that Defendants intend to now, ten years later, bring forward. Moreover, the requirements for collateral estoppel to apply to the State Court Judgment are met in this case. First, the issue before the state court involved the contractual relationship between Plaintiffs and Defendants and the representations made by Vechioli throughout that relationship so that Plaintiffs gave him money for the alleged investments. Secondly, the Defendants had a fair opportunity to litigate the state court case. Third, the State Court Judgment was issued on June 3, 2013 and is now a final and unappealable judgment. And finally, the determination that Vechioli defrauded Plaintiffs and acted in bad faith was essential for Plaintiffs to prevail in their case before the state court. Consequently, this court is now bound to give full effect to the State Court Judgment.

11 U.S.C. § 523(a)(2)(A) provides that "any debt ... obtained by . . . false pretenses, a false representation, or actual fraud" is non-dischargeable. A debt is nondischargeable under this subsection if:

> 1) the debtor made a knowingly false representation or one made in reckless disregard of the truth; 2) the debtor intended to deceive; 3) the debtor intended to induce the creditor to rely upon the false statement; 4) the creditor actually relied upon the misrepresentation; 5) the creditor's reliance was justifiable; and 6) the reliance upon the false statement caused damage.

In re Spigel, 260 F.3d at 32 (quoting Palmacci, 121 F.3d at 786). Per the State Court Judgment, Vechioli's "actions and representations . . . in the provision of services to the plaintiff[s] constituted insidious and malicious machinations, to induce the [Plaintiffs] to the transactions proposed by [Vechioli] that resulted in damage to the plaintiff[s]." [Adv. Dkt. 29, Exhibit A, p. 6, ¶ 11]. Therefore, the State Court Judgment is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

11 U.S.C. § 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Embezzlement in § 523(a)(4) is "the fraudulent conversion of the property of another by one who is already in lawful possession of it." In re Sherman, 603 F.3d 11, 13 (1st Cir. 2010). It requires: "(1) appropriation of funds for the debtor's own benefit by fraudulent intent or deceit; (2) the deposit of the resulting funds in an account accessible only to the debtor; and (3) the disbursal or use of those funds without explanation of reason or purpose." 4 Collier on Bankruptcy ¶ 523.10 [2]. The state court found that once he obtained the funds from Plaintiff, Vechioli "withheld for his benefit money belonging to the counterclaimed plaintiff[s]." [Adv. Dkt. 29, Exhibit A, p. 6, ¶ 13]. Thus, the State Court Judgment is also excepted from discharge under 11 U.S.C. § 523(a)(4).

11 U.S.C. § 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." To prevail under § 523(a)(6), a creditor must establish that "(1) the debtor injured him or his property; (2) the debtor's actions were willful; and (3) the debtor's actions were malicious." O'Rorke v. Porcaro (In re Porcaro), 545 B.R. 384, 396 (B.A.P. 1st Cir. 2016) (quoting Jones v. Svreck (In re Jones), 300 B.R. 133, 139 (B.A.P. 1st Cir. 2003). "[A] debtor who intentionally acts in a manner he knows, or is substantially certain, will harm another may be considered to have intended the harm and, therefore, to have acted willfully within the meaning of § 523(a)(6)" In re Porcaro, 545 B.R. at 396. The state court established that Vechioli "acted in bad faith" and through his "insidious and malicious machinations" induced the Plaintiffs to transactions "that resulted in damage to the plaintiff[s]." [Adv. Dkt. 29, Exhibit A, p. 6, ¶¶ 10-11]. Consequently, the State Court Judgment is also excepted from discharge under 11 U.S.C. § 523(a)(6).

11

## VI.  CONCLUSION

For the above reasons, the court grants the motion for summary judgment filed by plaintiffs Kiyomi M. Santos Onoda and Ceski, Inc. [Adv. Dkt. 29.]  The claim filed by plaintiffs Kiyomi M. Santos Onoda and Ceski, Inc. against defendants Ivan Vechioli Cruz and Helen Ivis Feliciano Borrero in the amount of $89,635.45 per proof of claim number 1-1 filed in lead case number 22-775 (MAG7), the basis of which is the judgment entered by the Puerto Rico Court of First Instance, Ponce Superior Part in Civil Case No. J CD 2010-1045, is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). A separate judgment will be entered accordingly.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 5th day of April 2023.

María de los Ángeles González
United States Bankruptcy Judge

12